UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KATHLEEN SCALISE,

                        Plaintiff,

     v.

THOMAS SCARAFILE; VILLAGE OF
WHITESBORO,

                    Defendants.

_____

**ANSWER OF
THOMAS SCARAFILE**

Civil Case No.: 6:22-cv-341
(GTS/ML)

Defendant Thomas Scarafile (hereinafter "Defendant"), in his individual and official capacity, by and through his attorneys, Vaughan Baio & Partners, Shannon T. O'Connor, Esq., Of Counsel, sets forth his Answer to Plaintiff Kathleen Scalise's (hereinafter "Plaintiff") Complaint ("Complaint") and Affirmative Defenses as follows:

## JURISDICTION AND VENUE

1. Defendant DENIES that he engaged in conduct that violates or that he violated Plaintiff's constitutional rights as set forth in Paragraph 1, but ADMITS that Paragraph 1 sets forth applicable jurisdictional statutes.

2. Defendant ADMITS that the pertinent facts occurred with the United States District Court for Northern District of New York, and that venue is proper.

## PARTIES AND RELEVANT NON-PARTIES[1]

---

[1] This answer mirrors the complaint, and the inclusion of subheadings are consistent with those asserted in the Complaint, formatting and clarity of the parties and the Court. It does not and should not be construed as an admission, explicit or implicit, that Defendant Scarafile agrees that any party is relevant at this procedural posture.

1

3.  Defendant ADMITS that Plaintiff is an adult as alleged in Paragraph 3 of the Complaint, but DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the remainder of the allegations in Paragraph 3.

4.  Defendant ADMITS the allegations in Paragraph 4 of the Complaint.

5.  Defendant ADMITS the allegations in Paragraph 5 of the Complaint.

6.  Defendant ADMITS the allegations in Paragraph 6 of the Complaint.

7.  Paragraph 7 includes a statement of law, and all questions of law are deferred to the Court, to the extent that a response is required, Defendant DENIES engaging in conduct that violated Plaintiff's constitutional rights, and ADMITS the portion of Paragraph 7 that states, Defendant "was acting within the scope of his employment."

8.  Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the first sentence in Paragraph 8 of the Complaint, but ADMITS that Patrick O'Connor is not a party to this lawsuit.

9.  Defendant ADMITS the allegations in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10. Defendant ADMITS that he met Plaintiff sometime in September of 2020 as alleged in Paragraph 10 of the Complaint.

11. Defendant ADMITS that he went out on a date with plaintiff, but DENIES KNOWLEDGE AND INFORMATION SUFFICENT TO FORM A BELIEF as to the truth or falsity of the remainder of the allegations in paragraph 11.

12. Defendant DENIES that he and plaintiff were a "couple" as alleged in Paragraph 12, but ADMITS that he and plaintiff had "three dates total" as alleged in Paragraph 12 of the Complaint.

13. Defendant DENIES that he and plaintiff were a "couple" as alleged in Paragraph 13, but ADMITS that he and Plaintiff had consensual intercourse.[2]

14. Defendant ADMITS that he picked Plaintiff up for their third date and that he drove on NYS Traffic Route 840, but DENIES the remainder of the allegations in Paragraph 14 of the Complaint.

15. Defendant ADMITS that he and Plaintiff went to his parents' home on their third date, but DENIES the remainder of the allegations in Paragraph 15 of the Complaint.

16. Defendant ADMITS the allegations contained in Paragraph 16 of the Complaint.

17. Defendant DENIES "erratic driving" as alleged in Paragraph 17 and DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 17 related to Plaintiff's feelings or perceptions.

18. Defendant DENIES engaging in any intimidating conduct or actions on any date with Plaintiff as alleged in Paragraph 18, and further DENIES the remainder of the allegations in this Paragraph as it only goes to Plaintiff's state of mind and is not a factual statement.

19. Defendant DENIES that he and plaintiff were ever in a "relationship" as alleged in Paragraph 19, and further provides that the factual averments in Paragraph 19 are a mischaracterization of events, and as such DENIES that any communication ending a relationship that was not existent could occur in the first instance.

20. Defendant DENIES the allegations in Paragraph 20 of the Complaint.

    a.   Defendant DENIES the allegations in Paragraph 20(a) of the Complaint.

---

[2] Defendant Scarafile interprets the word "intimacy" to mean sexual intercourse as alleged in Paragraph 13.

    b.   Defendant ADMITS that during patrol shifts he would drive through Whitesboro Plaza where Bennu restaurant was located, but DENIES the remainder of the allegations in Paragraph 20(b) of the Complaint.

    c.   Defendant ADMITS parking patrol vehicle in Whitesboro Middle School at various times on patrol, but DENIES ever surveilling or following Plaintiff home in his patrol vehicle as alleged in Paragraph 20(c).

21.  Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant DENIES the allegations contained in Paragraph 27 of the Complaint.

28. Defendant DENIES the allegations contained in Paragraph 28 of the Complaint.

29. Defendant DENIES the allegations contained in Paragraph 29 of the Complaint.

30. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant DENIES the allegations contained in Paragraph 32 of the Complaint.

33. Defendant ADMITS there was a "light snow" at the time he pulled her over, but DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to speed vehicle was driving, and DENIES the remainder of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant DENIES engaging in illegal or unlawful conduct as alleged in Paragraph 34, and DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph 34 of the Complaint.

35. Defendant DENIES that he "effected the illegal seizure of Plaintiff," he ADMITS engaging lights on his patrol vehicle to pull over Plaintiff in the general vicinity of the location alleged in Paragraph 35 of the Complaint.

36. Defendant ADMITS the allegations contained in Paragraph 36 of the Complaint.

37. Defendant DENIES the allegations contained in Paragraph 37 of the Complaint.

38. Defendant ADMITS that Exhibit A is an abstract from Feb. 17, 2021 as included by reference to paragraph 38 of the Complaint, which is not part and parcel to the alleged claims as it is after the date of incident, and DENIES that he had this information at the time he pulled her over.

39. Defendant ADMITS the allegations contained in Paragraph 39 of the Complaint.

40. Defendant DENIES the allegations contained in paragraph 40 of the Complaint.

41. Defendant DENIES the allegations contained in paragraph 41 of the Complaint.

42. Defendant DENIES the allegations contained in paragraph 42 of the Complaint.

43. Defendant ADMITS the allegations in contained in paragraph 43 of the Complaint.

44. Defendant ADMITS the allegation that Deputy Karcic was involved, but DENIES the implications and timeline set forth in paragraph 44 of the Complaint and the remaining of the allegations of the Complaint.

45. Defendant ADMITS the allegations contained in paragraph 45 of the Complaint.

46. Defendant ADMITS law enforcement officers are trained in relation to DUI, but DENIES the remainder of the allegations contained in paragraph 46 of the Complaint.

47. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 47 of the Complaint.

48. Need Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 48 of the Complaint.

49. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 49 of the Complaint.

50. Defendant DENIES the allegations contained in paragraph 50 of the Complaint, and further DENIES that Exhibit B contains any fabricated or false information.

51. Defendant ADMITS the allegations in paragraph 51 of the Complaint.  Defendant ADMITS the allegations in footnote 1 to paragraph 51 of the Complaint.

52. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 52 of the Complaint.

53. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 53 of the Complaint.

54. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 54 of the Complaint.

55. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 55 of the Complaint.

56. Defendant ADMITS that there was a bill of indictment, but DENIES that it was based upon these facts as asserted in the remainder of paragraph 56.

57. Defendant ADMITS the allegations contained in paragraph 57 of the Complaint.

58. Defendant ADMITS the allegations contained in paragraph 58 of the Complaint.

59. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 59 of the Complaint.

60. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 60 of the Complaint.

61. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 61 of the Complaint.

62. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 63 of the Complaint.

64. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 is conclusory in nature, to the extent that a response is required, Defendant DENIES paragraph 65 of the Complaint.

**<u>First Cause of Action</u>**

66. With respect to the allegations of paragraphs "1" through "65" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

67. Defendant DENIES paragraph 67 of the Complaint.

68. Defendant DENIES paragraph 68 of the Complaint.

69. Defendant DENIES paragraph 69 of the Complaint.

## Second Cause of Action

70. With respect to the allegations of paragraphs "1" through "69" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

71. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 71 of the Complaint.

72. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 72 of the Complaint.

73. Defendant DENIES the allegations in Paragraph 73 of the Complaint.

74. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 74 of the Complaint.

75. Defendant DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations in Paragraph 75 of the Complaint.

## Third Cause of Action

76. With respect to the allegations of paragraphs "1" through "75" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

77. Defendant ADMITS the allegations in paragraph 77 of the Complaint.

78. Defendant DENIES allegations in paragraph 78 of the Complaint.

79. Defendant DENIES the allegations in paragraph 79 of the Complaint.

80. Defendant DENIES the allegations in paragraph 80 of the Complaint.

81. Defendant DENIES the allegations in paragraph 81 of the Complaint.

82. Defendants DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations outlining and listing plaintiffs claimed harm or damages, but DENIES that his actions caused or contributed to those alleged harms, and further DENIES that he violated Plaintiff's constitutional rights as alleged in paragraph 82 of the Complaint.

83. Defendant DENIES the allegations contained in paragraph 83 of the Complaint.

84. Paragraph 84 is statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 84 of the Complaint.

### Fourth Cause of Action

85. With respect to the allegations of paragraphs "1" through "84" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

86. Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87. Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88. Defendant DENIES the allegations contained in paragraph 88 of the Complaint.

89. Defendant DENIES the allegations contained in paragraph 89 of the Complaint.

90. Paragraph 90 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 90 of the Complaint.

### Fifth Cause of Action

91. With respect to the allegations of paragraphs "1" through "90" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

92. Defendant DENIES the allegations in paragraph 92 of the Complaint.

93. Defendant DENIES that plaintiff was "seized" by him, but ADMITS the remainder of paragraph 93 of the Complaint.

94. Defendant DENIES that plaintiff was "seized" by him, but ADMITS the remainder of paragraph 94 of the Complaint.

95. Defendant DENIES the allegations in paragraph 95 of the Complaint.

96. Defendant DENIES the allegations in paragraph 96 of the Complaint.

97. Defendant DENIES the allegations in paragraph 97 of the Complaint.

98. Paragraph 98 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 98 of the Complaint.

### Sixth Cause of Action

99. With respect to the allegations of paragraphs "1" through "98" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

100.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint.

101.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint.

102.     Defendant DENIES the allegations contained in paragraph 102 of the Complaint.

103.     Defendant DENIES the allegations contained in paragraph 103 of the Complaint.

104.     Paragraph 104 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 104 of the Complaint.

### Seventh Cause of Action

105.     With respect to the allegations of paragraphs "1" through "104" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as

are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

106.    Defendant DENIES the allegations contained in paragraph 106 of the Complaint.

107.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 107 of the Complaint.

108.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint.

109.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 109 of the Complaint.

110.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 110 of the Complaint.

111.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint.

112.    Defendant DENIES the allegations contained in paragraph 112 of the Complaint.

113.    Defendant DENIES the allegations contained in paragraph 113 of the Complaint.

114.    Defendant DENIES the allegations contained in paragraph 114 of the Complaint.

115.    Defendant DENIES the allegations contained in paragraph 115 of the Complaint.

116.    Defendant DENIES the allegations contained in paragraph 116 of the Complaint.

117.     Defendant DENIES the allegations contained in paragraph 117 of the Complaint.

118.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint.

119.     Defendant DENIES the allegations contained in paragraph 119 of the Complaint.

120.     Defendant DENIES the allegations contained in paragraph 120 of the Complaint.

121.     Defendant DENIES the allegations contained in paragraph 121 of the Complaint.

122.     Paragraph 122 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 122 of the Complaint.

**Eighth Cause of Action**

123.     With respect to the allegations of paragraphs "1" through "122" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

124.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint.

126.     Defendant DENIES the allegations contained in paragraph 126 of the Complaint.

127.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint.

128.     Paragraph 128 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 128 of the Complaint.

### Ninth Cause of Action

129.     With respect to the allegations of paragraphs "1" through "128" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

130.     Defendant DENIES the allegations contained in paragraph 130 of the Complaint.

131.     Defendant DENIES the allegations contained in paragraph 131 of the Complaint.

132.     Defendant DENIES the allegations contained in paragraph 132 of the Complaint.

133.     Defendant DENIES the allegations contained in paragraph 133 of the Complaint.

134.     Paragraph 134 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 134 of the Complaint.

### Tenth Cause of Action

135.     With respect to the allegations of paragraphs "1" through "134" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as

are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

136.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 137 of the Complaint.

138.     Defendant DENIES the allegations contained in paragraph 138 of the Complaint.

139.     Defendant DENIES the allegations contained in paragraph 139 of the Complaint.

140.     Paragraph 140 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 140 of the Complaint.

## Eleventh Cause of Action

141.     With respect to the allegations of paragraphs "1" through "140" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

142.     Defendant ADMITS the allegations contained in paragraph 142 of the Complaint.

143.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 143 of the Complaint.

144.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 144 of the Complaint.

145.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 145 of the Complaint.

146.     Defendant DENIES the allegations contained in paragraph 146 of the Complaint.

147.     Defendant DENIES the allegations contained in paragraph 147 of the Complaint.

148.     Defendant DENIES the allegations contained in paragraph 148 of the Complaint.

149.     Defendant DENIES the allegations contained in paragraph 149 of the Complaint.

150.     Defendant DENIES the allegations contained in paragraph 150 of the Complaint.

151.     Defendant DENIES the allegations contained in paragraph 151 of the Complaint.

152.     Paragraph 152 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 152 of the Complaint.

**Twelfth Cause of Action**

153.     With respect to the allegations of paragraphs "1" through "152" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

154.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint.

155.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 155 of the Complaint.

156.     Defendant DENIES the allegations contained in paragraph 156 of the Complaint.

157.     Defendant DENIES the allegations contained in paragraph 157 of the Complaint.

158.     Paragraph 158 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 158 of the Complaint.


**Thirteenth Cause of Action**

159.     With respect to the allegations of paragraphs "1" through "158" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

160.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 160 of the Complaint.

161.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 161 of the Complaint.

162.     Defendant ADMITS allegations contained in paragraph 162 of the Complaint.

163.     Defendant ADMITS the allegations contained in paragraph 163 of the Complaint.

164.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 164 of the Complaint.

165.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 165 of the Complaint.

166.     Defendant ADMITS the allegations contained in paragraph 166 of the Complaint.

167.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 167 of the Complaint.

168.     Defendant DENIES the allegations contained in paragraph 168 of the Complaint.

169.     Defendant DENIES that plaintiff was "seized" by him, but ADMITS the remainder of paragraph 169 of the Complaint.

170.     Defendant DENIES that plaintiff was "seized" by him, but ADMITS the remainder of paragraph 170 of the Complaint.

171.     Defendant DENIES the allegations in paragraph 171 of the Complaint.

172.     Defendant DENIES the allegations in paragraph 172 of the Complaint.

173.     Defendant DENIES the allegations in paragraph 173 of the Complaint.

174.     Defendant DENIES the allegations in paragraph 174 of the Complaint.

175.     Defendant ADMITS the allegations in paragraph 175 of the Complaint.

176.     Defendant DENIES the allegations in paragraph 176 of the Complaint.

177.     Defendant DENIES the allegations in paragraph 177 of the Complaint.

178.     Paragraph 178 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 178 of the Complaint.

### Fourteenth Cause of Action

179.     With respect to the allegations of paragraphs "1" through "178" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

180.     Defendant DENIES the allegations in paragraph 180 of the Complaint.

181.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 181 of the Complaint.

182.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint.

183.     Defendant DENIES the allegations in paragraph 183 of the Complaint.

184.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 184 of the Complaint.

185.     Defendant DENIES the allegations in paragraph 185 of the Complaint.

186.     Defendant DENIES the allegations in paragraph 186 of the Complaint.

187.     Defendant DENIES the allegations in paragraph 187 of the Complaint.

188.     Defendant DENIES the allegations in paragraph 188 of the Complaint.

189.     Defendant ADMITS the allegations in paragraph 189 of the Complaint.

190.     Defendant DENIES the allegations in paragraph 190 of the Complaint.

191.     Paragraph 191 is a statement or conclusion of law, which Defendant refers all questions or issues of law to the Court, to the extent that a response is required, Defendant DENIES violating the law as asserted in paragraph 191 of the Complaint.

### Fifteenth Cause of Action

192.     With respect to the allegations of paragraphs "1" through "191" of the Complaint, Defendant ADMITS those allegations as are elsewhere admitted, DENIES those allegations as are elsewhere herein denied, and DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to those allegations as are elsewhere herein similarly treated.

193.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 193 of the Complaint.

194.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 194 of the Complaint.

195.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 195 of the Complaint.

196.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the truth or falsity of the allegations contained in paragraph 196 of the Complaint.

### WHEREFORE CLAUSE

197.     Defendant DENIES the claims, assertions, demands, and prayer for relief in the Wherefore Clause of the Complaint.

198.     Defendant DENIES each and every allegation of the Complaint not hereto specifically admitted or denied.

## AFFIRMATIVE DEFENSES

Defendant maintains multiple defenses and affirmative defenses, articulated below, in addition to defense of the basic elements of Plaintiff's claims for the purposes of inclusiveness and efficiency. Nothing in the herein paragraphs shall be construed to shift or otherwise alter Plaintiff's burden of proof on his allegations, and the assertion of defenses is for the purpose of judicial economy and not to place upon Defendant the burden of proving defenses other than those in which the burden rests with him.

## FIRST AFFIRMATIVE DEFENSE

199.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

200.     Any acts, omissions, or conduct on the part of Defendant were privileged, reasonable and necessary and are protected by qualified immunity.

201.     Defendant, at all times relevant hereto, acted within the scope of his discretionary authority and under a reasonable belief, good-faith belief that his actions were lawful, proper, and in accordance with existing law, thereby entitling him to qualified immunity from suit and damages.

202.     Defendant, at all times relevant hereto, acted within the scope of his lawful discretionary authority committed to them under federal law and did not violate any clearly

established statutory or constitutional rights of which a reasonable person would have known, thereby entitling him to qualified immunity from suit and damages.

### THIRD AFFIRMATIVE DEFENSE

203.    Defendant affirmatively pleads that he cannot be liable to plaintiff for exemplary or punitive damages because, at no time, did he act maliciously, willful, or with the intent to harm plaintiff beyond that which was authorized by law, or to deprive plaintiff of any legally protected rights. Therefore, Plaintiff is not entitled to punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

204.    Plaintiff's claims against the individual Defendant in his official capacity are duplicative because claims against a government employee in his or her official capacity are treated as claims against a municipality.

### FIFTH AFFIRMATIVE DEFENSE

205.    Any and all acts of Defendant were justified and in accordance with the law, and the discharge of his lawful responsibilities.

### SIXTH AFFIRMATIVE DEFENSE

206.    To the extent, Plaintiff has failed to mitigate her damages; her claim for damages is diminished or barred.

### SEVENTH AFFIRMATIVE DEFENSE

207.    Any action done by Defendant was done in good faith, with reasonable suspicion, probable cause, and without malice, and in accordance with his lawful duties as a sworn police officer.

### EIGHTH AFFIRMATIVE DEFENSE

208.    The allegations in the Complaint do not rise to the level of a constitutional violation.

## NINTH AFFIRMATIVE DEFENSE

209.    Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the individually named Defendant in the alleged constitutional violations.

## TENTH AFFIRMATIVE DEFENSE

210.    Plaintiff is guilty of culpable conduct, which caused all or part of her damages alleged. Plaintiff, by her own conduct alleged, assumed a risk of injury.

## ELEVENTH AFFIRMATIVE DEFENSE

211.    Plaintiff failed to exhaust administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

212.    Some or all of Plaintiff's claims fail on statute of limitation grounds.

## THIRTEENTH AFFIRMATIVE DEFENSE

213.    Allegations contained in Plaintiff's complaint to the extent that they seek relief in the nature of punitive damages, are in violation of both the constitutions of the United States and State of New York in that they deprive the answering Defendant of property without due process of law.

214.    Defendant affirmatively pleads that it cannot be liable to plaintiff for exemplary or punitive damages because, at no time, did it (or any other defendant) act maliciously, willfully, or with the intent to harm plaintiff beyond that which was authorized by law, or to deprive Plaintiff of any legally protected rights. Therefore, Plaintiff is not entitled to punitive damages.

215.    As such Plaintiff's complaint fails to state a cause of action for punitive damages and, therefore, the claim for punitive damages is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

216.    Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

## JURY DEMAND

Defendant demands a trial by jury for the claims and affirmative defenses asserted in this action.

WHEREFORE, having answered fully, Defendant prays for relief seeking that judgment be entered in his favor, dismissing Plaintiff's complaint in its entirety, with prejudice, assess costs against plaintiff, award Defendant reasonable attorney's fees under 42 U.S.C. §1988(b), and disbursements incurred in this action, and for such other relief as this Court deems just, proper, and equitable.

Dated:   July 14, 2022
         Syracuse, New York

VAUGHAN BAIO & PARTNERS
*Attorneys for Defendant Thomas Scarafile*

By:     Shannon T. O'Connor, Esq.
        Fed. Bar No. 517122
        Vaughan Baio & Partners
        201 East Jefferson Street, Suite 200
        Syracuse, NY 13202
        (680) 697-8860
        soconnor@vaughanbaio.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KATHLEEN SCALISE,

                              Plaintiff,                 **Civil Action No.: 6:22-cv-00341**
                                                         (GTS)(ML)

    - vs -

THOMAS SCARAFILE and VILLAGE OF WHITESBORO,

                              Defendants.

---

### CERTIFICATE OF SERVICE

    I, **Rhonda M. Root,** hereby certify that on the 14th day of July, 2022, I served the **ANSWER to COMPLAINT** upon Plaintiff Kathleen Scalise's Attorneys, David A. Longeretta, Esq. and Zachary C. Oren, Esq. and upon Defendant Village of Whitesboro's Attorney, James A. Resila, Esq. on behalf of Defendant Thomas Scarafile, by electronic mail at the addresses indicated on the complaint as noted below:

David A. Longeretta, PLLC
(Attorney for Plaintiff)
z.c.oren@gmail.com

Zachary C. Oren, Esq.
(Attorney for Plaintiff)
z.c.oren@gmail.com

James A. Resila, Esq.
(Attorneys for Defendant Village of Whitesboro)
JRESILA@SCHWABGASPARINI.COM

DATED: July 14, 2022

                              *Rhonda M. Root*
                              Rhonda M. Root